UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rosemary Gilroy

        v.                          Civil No. 04-135-JD

David Letterman, et al.

                    O R D E R

        Rosemary Gilroy, proceeding pro se, filed suit against David
Letterman, Craig Kilborn, and CBS Broadcasting, Inc., alleging
that the defendants, along with television host Howard Stern and
others, put her home under surveillance and made remarks about
her during televised programs and other performances.  She
alleges state law claims of invasion of privacy and conspiracy to
invade her privacy, along with other related claims.  The
defendants move to dismiss on the grounds that Gilroy fails to
allege a claim on which relief may be granted and that her claims
are barred by the statute of limitations.  Gilroy objects to the
defendants' motion and moves "to increase the deadline of the
statute of limitations."

                    Discussion

        In considering a motion to dismiss, pursuant to Federal Rule
of Civil Procedure 12(b)(6), the court accepts the facts alleged
in the complaint as true and draws all reasonable inferences in

favor of the plaintiff. Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 63 (1st Cir. 2002). The court must determine whether the complaint, construed in the proper light, "alleges facts sufficient to make out a cognizable claim." Carroll v. Xerox Corp., 294 F.3d 231, 241 (1st Cir. 2002). All that is required is a short and plain statement of the claim. See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).

A complaint filed by a pro se litigant is held to less stringent standards than one drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court will not consider "'bald assertions, unsupportable conclusions, and opprobrious epithets.'" Garrett v. Tandy Corp., 295 F.3d 94, 97 (1st Cir. 2002) (quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)). "When a pro se complaint sets forth the facts upon which relief is sought, and a lenient construction demonstrates beyond doubt that the plaintiff can prove no set of facts to support her claim for relief, the complaint will be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6)." Rockwell v. Cape Cod Hosp., 26 F.3d 254, 260 (1st Cir. 1994).

In summary, Gilroy alleges that the defendants, in a conspiracy with others, have conducted surveillance of her in her home, first in Newton, Massachusetts, and then after she moved to

Amherst, New Hampshire.  Because of their surveillance, she alleges, the defendants have made remarks during television programs and "Blue Man Group" performances that refer to her, to things pertinent to her life, and to her experiences.  She also alleges that her homes have been broken into, that things have been taken, and that the defendants' activities have interfered with her relationships and her ability to conduct business and to support herself.

Without belaboring the issue, Gilroy's allegations and claims are patently implausible.[1]  As such, Gilroy fails to state a claim against the defendants and her complaint is subject to dismissal on that ground.  See, e.g., Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).  In addition, her claims are barred by the applicable statute of limitations.

Gilroy brings claims under New Hampshire law for invasion of privacy, conspiracy to invade privacy, defamation, intentional infliction of emotional distress, and other related claims.  Under New Hampshire law, her claims are subject to a three year statute of limitations.[2]  Gilroy states in her complaint that in

---

[1]Gilroy's allegations appear to be sincere but delusional.

[2]N.H. Rev. Stat. Ann. § 508:4 provides as follows:

I. Except as otherwise provided by law, all personal actions, except actions for slander or libel,

1999 she realized for the first time while watching a Howard Stern show that her home had been placed under surveillance.  She then alleges incidents involving the defendants that, she believes, confirmed she was under surveillance.[3]  Since Gilroy did not file suit until 2004, her claims are time-barred.

Gilroy moves "to increase the deadline of the statute of limitations."  In support of her motion, Gilroy states that during 1999 she was busy with moving and business activities, that she suffered financial difficulties thereafter, and that she was ill in 2004.  She also asks that the limitation period be extended because of "the severity and seriousness of [her] allegations against the Defendants."  None of the reasons Gilroy

---

may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.
        II. Personal actions for slander or libel, unless otherwise provided by law, may be brought only within 3 years of the time the cause of action accrued.

[3]Gilroy believes that the defendants are acting with Stern as part of a conspiracy.  As such, she alleges surveillance generally, not that it was accomplished separately by individual perpetrators.

provides would support tolling the limitations period in this case.  <u>Cf.</u> N.H. Rev. Stat. Ann. § 508:8 (tolling for minority and mental incompetence); <u>Furbish v. McKittrick</u>, 149 N.H. 426, 430-32 (2003) (discussing tolling principles); <u>McCollum v. D'Arcy</u>, 138 N.H. 285, 287-88 (1994) (same).

Gilroy fails to state a claim upon which relief can be granted, both because she cannot prove facts to support her claims and because her claims are barred by the statute of limitations.  Therefore, her complaint must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss (document no. 9) is granted.  The plaintiff's motion to increase the deadline (document no. 11) is denied.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.


                                 _____
                                 Joseph A. DiClerico, Jr.
                                 United States District Judge

October 27, 2004

cc:  Rosemary Gilroy, pro se
     Wilbur A. Glahn III, Esquire

5
